IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MI PUEBLO SAN JOSE, INC, et al     No    C-06-4094 VRW

       Plaintiffs,                   ORDER DENYING MOTION FOR
                                        TEMPORARY RESTRAINING
       v                                   ORDER

CITY OF OAKLAND,

       Defendant.
                                            /

         On June 30, 2006, plaintiffs Mi Pueblo San Jose, Inc, and Cha Cha Enterprises, LLC, filed a complaint alleging, *inter alia*, that the City of Oakland illegally revoked their building permits. Doc #1, ¶¶ 35-44. On July 7, 2006, plaintiffs filed an ex parte motion for issuance of a temporary restraining order and order to show cause regarding a preliminary injunction. Doc #3. The City of Oakland filed a response to plaintiffs' motion on July 14, 2006. Plaintiffs filed a reply in support of its ex parte motion on July 17, 2006. Doc #17.

         To obtain a temporary restraining order, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that

serious questions are raised and the balance of hardships tips sharply in favor of the moving party.  <u>Stuhlbarg International Sales Co, Inc v John D Brush & Co, Inc</u>, 240 F3d 832, 839-40 (9th Cir 2001).  Under either formulation, the movant must demonstrate they "have a fair chance of success on the merits."  <u>Johnson v California State Bd of Accountancy</u>, 72 F3d 1427, 1429 (9th Cir 1995).

        Moreover, this balance must weigh "heavily and compellingly in movant's favor" when the injunctive relief would disturb the status quo, which is defined as the last uncontested status that preceded the pending controversy.  <u>GoTo.com, Inc v Walt Disney Co</u>, 202 F3d 1199, 1210 (9th Cir 2000).

        By asking the court to "continue operating under the validly issued [p]ermits," Doc #8-1, plaintiffs appear to seek relief that would disturb the status quo.  Before this controversy began, plaintiffs applied for and received three permits.  Doc #3 at 4-5.  These permits did not, however, grant plaintiffs the categorical right to "continue operating."  Hence, to the extent plaintiffs' proposed temporary restraining order prevents any interference from the City of Oakland, it disturbs the status quo between the parties and requires plaintiffs to carry a heavy burden of persuasion.

        In any event, plaintiffs fail on the present record to demonstrate that the City violated plaintiffs' due process and equal protection rights under 42 USC § 1983.  In essence, plaintiffs allege that the City, prompted by a political office holder, impaired and interfered with plaintiffs' property rights through the manipulation of the local planning process.  Such

conduct — hardly unheard of — may be found to violate plaintiffs' substantive rights under the Fourteenth Amendment and possibly other laws. The evidence presently at bar raises only a suspicion that this claim may have merit. More is required to warrant provisional relief. Further, plaintiffs cannot show irreparable harm because the non-speculative injuries they allege are compensable through a damages award.

Accordingly, plaintiffs' ex parte motion for issuance of a temporary restraining order and order to show cause regarding a preliminary injunction is DENIED without prejudice.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge