IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MI PUEBLO SAN JOSE, INC, et al,    No C 06-4094 VRW

         Plaintiffs,

                                  ORDER

    v

CITY OF OAKLAND,

         Defendant.
                                  /

         On June 30, 2006, Mi Pueblo San Jose, Inc and Cha Cha Enterprises, LLC ("Mi Pueblo") filed suit against the City of Oakland, seeking declaratory and injunctive relief and damages for violation of the Fourteenth Amendment to the United States Constitution, 42 USC § 1983, 42 USC § 1981, California Government Code § 6250, et seq, and Oakland Municipal Code § 2 20.  Doc #1. On December 8, 2006, Asociacion Comerciantes Profesionales de Oakland ("Asociacion") moved to intervene in this litigation pursuant to FRCP 24.  Doc #35.  Mi Pueblo and the City oppose intervention.  Doc ##40, 44.  For the reasons set forth below, Asociacion's motion to intervene is DENIED.

//

I

In early 2005, in anticipation of opening a full service grocery store, Mi Pueblo leased a commercial building located at 1630 High Street in Oakland, California. Doc #1, ¶ 3-4, 7-8. On July 22, October 3 and December 16, 2005, Mi Pueblo applied for, and the City issued, all building permits necessary for the proposed improvements. Id at ¶ 10.

In February 2006, the City, through City Council President Ignacio De La Fuente, issued a press release calling for a "[p]rotest of Mi Pueblo" by "[u]nions,[n]eighbors, [and] [m]erchants." Doc #1, ¶ 19. In its release the City referred to Mi Pueblo as the "Wal-Mart of the Latino Community." Id. This press release also quoted Hugo Guerrero, a spokesperson for Asociacion:

> The vibrant International Boulevard commercial district is well known for its small mom-and-pop stores * * * . Now we have a business coming in from San Jose that intentionally targets these kinds of vibrant areas to corner the market on all these types of businesses, and drive them out of business by artificially lowering their prices. We will fight until the end to preserve our livelihood.

Doc #1 at 43.

In April 2006, the City revoked Mi Pueblo's building permits. Id at ¶ 21-22. Mi Pueblo contacted the City Attorney's office on several occasions in order to appeal this decision. Doc #1, ¶ 26. In June 2006, following over two months of correspondence that produced no substantive response from the City, Mi Pueblo filed this action seeking declaratory and injunctive relief and damages pursuant to the Fourteenth Amendment to the United States Constitution, 42 USC § 1983, 42 USC § 1981,

California Government Code § 6250, et seq, and Oakland Municipal Code § 2 20.  Doc #1.

On July 7, 2006, Mi Pueblo moved for a temporary restraining order against the City, see Doc #3, which this court denied on August 17, 2006.  Doc #23.  This court also denied the City's motion to dismiss pursuant to FRCP 12(b)(6) (Doc #20) on October 4, 2006.  Doc #29.

In November 2006, Mi Pueblo and the City began settlement negotiations and received approval for a settlement agreement from the Oakland City Council during a December 19, 2006, meeting.  Doc #41, ¶ 2-3.  On January 10, 2007, the parties filed a stipulation for dismissal pursuant to FRCP 41(a)(1).  Doc #48.

Asociacion, which is a collective of approximately 60 merchants and residents in Oakland's Fruitvale District neighborhood, moved to intervene pursuant to FRCP 24 on December 8, 2006.  Doc #35 at 1.  Asociacion claims that the reissuance of building permits to Mi Pueblo would adversely affect the character of the Fruitvale District neighborhood and inflict economic damage on its members.  Doc #36 (Jiminez Decl), ¶ 2.  Asociacion also claims that the general operation of the grocery store requires a conditional use permit conforming to Oakland Municipal Code § 17-134-050.  Doc #51, ¶ 2-6.  Although Asociacion has attached a proposed answer (Doc #37) that defends the City against the causes of action asserted by Mi Pueblo, at oral argument Asociacion's counsel disclaimed any interest in Mi Pueblo's allegations and urged the court to hold a hearing on whether a conditional use permit is required for the general operation of Mi Pueblo's grocery store.

3

II

FRCP 24 permits, under certain circumstances, the intervention of a non-party in ongoing litigation.  A non-party seeking to intervene (applicant) may do so of right or by permission of the court.  The applicant bears the burden to demonstrate that it meets the requirements of either FRCP 24(a) or (b) for intervention.  Petrol Stops Northwest v Continental Oil Co, 647 F2d 1005, 1010 (9th Cir 1981).  In ruling on a motion to intervene, however, "a district court is required to accept as true the non-conclusory allegations made in support of [the] intervention motion."  Southwest Center for Biological Diversity v Berg, 268 F3d 810, 819-20 (9th Cir 2001).

Under either provision of FRCP 24, the threshold inquiry is whether the applicant's motion to intervene is timely.  Three criteria govern the timeliness determination: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene."  Northwest Forest Resource Council v Glickman, 82 F3d 825, 836-37 (9th Cir 1996) (citing United States v Oregon, 913 F2d 576, 588 (9th Cir 1990), cert denied, 501 US 1250 (1991)).

Section (a) of FRCP 24 governs intervention of right:
> Upon timely application anyone shall be permitted to intervene in an action: * * * when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FRCP 24(a).

//

To seek intervention of right, an applicant must make a four-part showing: that (1) its motion is timely; (2) it has a significantly protectible interest relating to the transaction that is the subject of the action; (3) it is so situated that the disposition of the action may practically impair or impede its ability to protect its interest; and (4) its interest is not adequately represented by the parties to the action. See Forest Conservation Council v United States Forest Service, 66 F3d 1489, 1493 (9th Cir 1995); see also Cabazon Band of Mission Indians v Wilson, 124 F3d 1050, 1061 (9th Cir 1997), cert denied, 524 US 926 (1998); Donnelly v Glickman, 159 F3d 405, 409 (9th Cir 1998). As a general rule, the court should be "guided primarily by practical and equitable considerations" and should "interpret the requirements broadly in favor of intervention." Donnelly, 159 F3d at 409 (citing United States ex rel McGough v Covington Techs Co, 967 F2d 1391, 1394 (9th Cir 1992)).

### III

#### A

##### 1

The threshold determination for the court is whether Asociacion's motion to intervene is timely. As noted above, Mi Pueblo commenced this action in late June 2006 and Asociacion moved to intervene in early December 2006. Mi Pueblo charges that Asociacion "waited too long" to intervene in this matter because it was aware that Mi Pueblo planned to build a grocery store as early as April 5, 2006. Doc #40, 6:6-8.

//

Yet timeliness is neither measured from the commencement of litigation nor from the time the applicant first learned of the litigation.  Rather, "the focus is on the date the [applicant] attempting to intervene should have been aware [its] 'interest[s] would no longer be protected adequately by the parties' * * *." <u>Officers for Civil Justice v Civil Service Commission of City and County of San Francisco</u>, 934 F2d 1092, 1095 (9th Cir 1991) (quoting <u>Legal Aid Society v Dunlop</u>, 618 F2d 48, 50 (9th Cir 1980); additional internal citation omitted).

For instance, in <u>Officers for Civil Justice</u>, 934 F2d at 1095, an applicant sought intervention sixteen years after the filing of the original complaint and ten years after the district court's approval of a consent decree.  The court found the intervention timely because an existing party in the litigation had adequately represented the applicant's interests during the ten-year period of the consent decree and the applicant moved to intervene only one month after his interests diverged from those of the existing party.  See id at 1095-96.

Here, a divergence of interests surfaced when the City commenced settlement negotiations, which began in the middle of November 2006.  Doc #41, ¶ 2.  The proposed settlement would enable Mi Pueblo to operate its grocery store in the Fruitvale District of Oakland.  Doc #51, ¶ 2.  Mi Pueblo itself argues that the City aggressively defended its case in opposing motions for preliminary injunctive relief and in filing a motion to dismiss Mi Pueblo's claims.  Doc #40, 3:13-20.  Up until the time of settlement negotiations, Asociacion justifiably relied on the City to defend this lawsuit and forestall the reissuance of Mi Pueblo's building

6

1 permits.

2 　　　　Mi Pueblo further contends that permitting Asociacion to
3 intervene at this stage in the litigation would unfairly prejudice
4 the existing parties by disrupting the settlement achieved by the
5 parties after one month of negotiations. Doc #40 at 5:3-5. In
6 support, Mi Pueblo cites a number of cases that denied intervention
7 due to the imminence of settlement; none applies here. Settlement
8 in those cases arose after litigation had lasted years, not months
9 or weeks. See <u>Aleut Corp v Tyonek Native Corp</u>, 725 F2d 527, 530
10 (9th Cir 1984) (denying an applicant's motion for intervention on
11 "the eve of settlement," but doing so because it occurred after
12 several years of litigation); <u>Ragsdale v Turnock</u>, 941 F2d 501, 504
13 (7th Cir 1991) (denying intervention "[a]fter pursuit of litigation
14 for several years" and after the parties "expended great effort in
15 working out a settlement"); <u>City of Bloomington v Westinghouse</u>
16 <u>Electric Corp</u>, 824 F2d 531, 535 (7th Cir 1987) (intervention
17 untimely when filed after 11 months of settlement negotiations);
18 <u>National Rural Telecom Co-op v DirecTV</u>, 319 F Supp 2d 1094, 1104-05
19 (intervention untimely after four years of litigation).

20 　　　　Given that Asociacion did not engage in unreasonable
21 delay before filing its motion to intervene, along with the absence
22 of protracted litigation in this matter, the court finds that
23 neither <u>Aleut</u> nor the other cases cited by Mi Pueblo pertain to the
24 present suit.

25 　　　　Finally, Mi Pueblo asserts that intervention would
26 inflict unfair prejudice because oral argument for the motion
27 occurred a mere eight days before the discovery cutoff and a few
28 months before trial, which is presently set for May 5, 2007. Doc

United States District Court
For the Northern District of California

1  #40 at 6:1-5.  The proximity of discovery deadlines and trial
2  dates, however, does not by itself engender unfair prejudice to the
3  parties.  In <u>Smith v Marsh</u>, 194 F3d 1045, 1051 (9th Cir 1999), the
4  Ninth Circuit denied intervention due to untimeliness because the
5  case had already "progressed substantially," I e, the district
6  court had already heard arguments and ruled on motions for class
7  certification and summary judgment.  Id at 1050-51.  See also id at
8  1051 (noting that this "substantial engagement" with the issues
9  "weighed heavily" against permitting intervention).  Here, although
10 the court has ruled on Mi Pueblo's application for a temporary
11 restraining order and the City's motion to dismiss, such rulings
12 hardly constitute "substantial engagement" with the issues of the
13 case as contemplated by <u>Smith</u>.

14         Although Asociacion knew of Mi Pueblo's plans to build a
15 grocery store as early as April 2006, it did not realize its
16 interests diverged from those of the City until November 2006, a
17 few weeks before it moved to intervene; hence, this court cannot
18 identify a reason why the motion should be considered untimely.
19 Because Asociacion has not intervened at too late a stage in the
20 litigation and because the court perceives no prejudice to the
21 parties, the timeliness requirement of FRCP 24 is satisfied.

                                 2

24         FRCP 24(a)(2) also requires that Asociacion demonstrate
25 an "interest relating to the property or transaction which is the
26 subject of the action."  "An applicant has a 'significant
27 protectable interest' in an action if (1) it asserts an interest
28 that is protected under some law, and (2) there is a 'relationship'

                                 8

1 between its legally protected interest and the plaintiff[s']
2 claims." <u>Donnelly</u>, 159 F3d at 409 (quoting <u>Northwest Forest
3 Resource Council</u>, 82 F3d at 837).  Additionally, "[a]n application
4 generally satisfies the 'relationship' requirement only if the
5 resolution of the plaintiff's claims will actually affect the
6 applicant."  Id at 410 (citing <u>Montana v United States
7 Environmental Protection Agency</u>, 137 F3d 1135, 1141-42 (9th Cir
8 1998), <u>cert denied</u>, 525 US 921 (1998); <u>Greene</u>, 996 F2d at 976-78).
9 Finally, "the 'interest' test is primarily a practical guide to
10 disposing of lawsuits by involving as many apparently concerned
11 persons as is compatible with efficiency and due process."  <u>County
12 of Fresno v Andrus</u>, 622 F2d 436 (9th Cir 1980) (internal citation
13 omitted).

14      At the court's hearing on the present motion,
15 Asociacion's counsel disclaimed unequivocally any interest in the
16 constitutional and statutory claims that form the basis of Mi
17 Pueblo's complaint against the City.  Rather, Asociacion asserts an
18 economic interest in preventing Mi Pueblo from obtaining its
19 building permits and competing with Asociacion's members.  Doc #36
20 (Jiminez decl) at 2:7-9.  Asociacion alleges that Mi Pueblo must
21 obtain a conditional use permit for the operation of its grocery
22 store and that this court should hold a hearing to give Asociacion
23 an opportunity to express publicly its opposition to Mi Pueblo's
24 expansion into the Fruitvale District.  See Doc #35 at 4:4-14; Doc
25 #50 at 2:27-3:2.  In response, Mi Pueblo argues that Asociacion's
26 economic interest bears no relation to the subject matter of the
27 action because Mi Pueblo's asserted claims are actionable only
28 against a government entity.  Doc #40 at 6:22-27.  Furthermore,

both Mi Pueblo and the City contend that Mi Pueblo may operate as a grocery store without a conditional use permit so long as it refrains from selling alcoholic beverages.

To establish a significant protectible interest, Asociacion must first demonstrate that its interests are protected by law. Donnelly, 159 F3d at 409. It is not necessary for a prospective intervenor to assert an interest that is protected by the statutes under which the suit arises. Sierra Club, 995 F2d 1478, 1484 (9th Cir 1993). It "is generally enough that the interest is protectable under some law * * * ." Id (emphasis added). For example, the court in State of California ex rel Bill Lockyer v United States, 450 F3d 436, 441 (9th Cir 2006), held that a Congressional appropriations rider created an interest protectible under "some law."

Asociacion contends that its interests are protected by Oakland Municipal Code § 17-134-050, which prohibits the issuance of any conditional use permit that would "adversely affect the livability or appropriate development of * * * the surrounding neighborhood" or harm "desirable neighborhood character." Furthermore, the procedure for obtaining a conditional use permit requires public notice and the opportunity for public participation. Id, § 17-134-040. Because the individuals and businesses that comprise Asociacion are precisely those recognized by this municipal code, the interests asserted by Asociacion are protected under "some law."

Intervention is inappropriate, however, because Asociacion has failed to demonstrate a relationship between its asserted interests and the present litigation. See Sierra Club,

10

995 F2d at 1484.  An economic interest must be "concrete and related to the underlying subject matter of the action" to trigger the right to intervene.  <u>United States v Alisal Water Corp</u>, 370 F3d 915, 919-20 (9th Cir 2004) (citing <u>Arakaki v Cayetano</u>, 324 F3d 1078, 1085 (9th Cir 2003).  In <u>Alisal</u>, the United States sued the defendant alleging that it violated the Safe Water Drinking Act.  Id at 918.  The applicant, a judgment creditor of Alisal, sought to intervene, arguing that the litigation would impair its ability to collect a judgment against Alisal.  Id.  The court rejected the creditor's theory, concluding that the creditor's economic interest was not protectible in the litigation because it was too attenuated from "the public health and environmental issues that were the backbone of [the] litigation."  Id at 920.  The <u>Alisal</u> court recognized that "a mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself."  Id at 920 n3.  Holding otherwise, the court concluded, "would create a slippery slope where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself."  Id.

   The <u>Alisal</u> decision controls the present case.  Asociacion's economic interests, like those asserted by the unsuccessful intervenors in <u>Alisal</u>, do not relate to the underlying claims in the suit.  Mi Pueblo seeks relief under the United States Constitution and federal and state statutes arising out of the City's revocation of its building permits.  Asociacion asks this court to usurp the City's permit process and hold a hearing concerning Mi Pueblo's effect on the surrounding neighborhood.  Even if the court had jurisdiction to hold such a hearing, the

11

issues it would entail do not relate to the present litigation. With respect to the City's alleged infringement of Mi Pueblo's constitutional rights, Asociacion's counsel at oral argument put it best: Asociacion "has no dog in that fight." Without a dog, Asociacion gets no ticket to the dog fight. To hold otherwise would lead the court from the kennel to the "slippery slope" against which the <u>Alisal</u> court admonished.

Nor does Asociacion's asserted interest in forcing Mi Pueblo to obtain a conditional use permit for the general operation of its grocery store render intervention proper. Doc #50 at 2:27-3:2. The present litigation concerns the propriety of the revocation of building permits and the denial of access to public records. All existing parties agree that Mi Pueblo does not require a conditional use permit to operate a grocery store. The settlement agreement reinstates the building permits (thereby allowing Mi Pueblo to proceed to open a store) and requires Mi Pueblo to obtain a conditional use permit for the sale of alcohol through the normal public approval process. Whether a conditional use permit is required for the general operation of Mi Pueblo's store is not related to Mi Pueblo's constitutional claims against the City. Accordingly, Asociacion does not have a significant protectible interest in this litigation.

3

In order to intervene as of right, Asociacion must also establish that its ability to protect its interest will be impaired or impeded by the disposition of this litigation. <u>City of Los Angeles</u>, 288 F3d at 397. Even if Asociacion asserted a significant

protectible interest, such an interest would not be impaired or impeded by this litigation because the proposed settlement does not affect Asociacion's rights; indeed, the proposed settlement simply restores the status quo between the parties.  After Mi Pueblo opens, Asociacion is free to assert that Mi Pueblo operates its grocery store in violation of the City's zoning restrictions.

        The Ninth Circuit arrived at a similar conclusion in <u>United States v City of Los Angeles</u>, 288 F3d 391 (9th Cir 2002), in which the United States threatened to sue the City of Los Angeles and its police department under 42 USC § 14141, which prohibits government authorities from engaging in a pattern or practice that deprives individuals of federal rights.  Id.  Before the United States filed suit, the parties agreed to enter into a consent decree.  Id at 396.  Several community groups sought intervention, alleging they had suffered from the unconstitutional conduct that was the subject of the consent decree.  Id at 397.  The court concluded it was "doubtful" that the consent decree between the United States and the City of Los Angeles impeded the intervening parties' interests because the decree did not prevent the intervenors from bring their own suit against City of Los Angeles police officers.  Id.

        Like the community groups in <u>City of Los Angeles</u>, none of Asociacion's asserted interests is impaired by the proposed settlement.  As discussed previously, if Mi Pueblo fails to operate its store in conformance with validly issued permits or zoning regulations, Asociacion may invoke the procedures under the Oakland Municipal Code.  Accordingly, intervention is also improper because alternative forums exist for Asociacion to vindicate its

13

asserted interests.

4

Finally, FRCP 24(a)(2) requires that a prospective intervening party demonstrate that its interests are not being adequately represented by the current parties. The factors to consider with respect to adequate representation are: (1) whether the interest of a party is such that it will undoubtedly make all the applicant's arguments; (2) whether the party is capable and willing to make such arguments; (3) whether the applicant would offer any necessary elements to the proceedings that the parties would otherwise neglect. City of Los Angeles, 288 F3d at 398.

Asociacion cannot establish a finding of inadequate representation because it does not have significant protectible interest in this litigation. That is, the City cannot represent an interest that does not pertain to the underlying litigation. See United States v 36.96 Acres of Land, 100 FRD 78, 81 (ND Ind 1983) ("Because the [intervenor] does not assert an interest in the property subject to this action, it has no protectable interest that can be impaired or impeded. Nor does it have the right to assert that its interest is being inadequately represented by the existing parties.").

B

In the alternative, Asociacion argues that the court should exercise its discretion to permit Asociacion to intervene. For reasons discussed above, the court finds Asociacion's motion to intervene timely.

14

Section (b) of FRCP 24 governs permissive intervention:

> Upon timely application, anyone may be permitted to intervene in an action: * * * when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

FRCP 24(b).

"A court may grant [permissive] intervention under FedRCivP 24(b) where: (1) the [applicant] shows independent ground for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense and the main action have a question of law or fact in common." Greene v United States, 996 F2d 973, 978 (9th Cir 1993) (citing Venegas v Skaggs, 867 F2d 527, 529 (9th Cir 1989), aff'd, 495 US 82 (1990)); see also Donnelly, 159 F3d at 412; Northwest Forest Resource Council, 82 F3d at 839. "The existence of a 'common question' is liberally construed." Bureegong v Uvawas, 167 FRD 83, 85 (CD Cal 1996) (internal citations omitted).

If the applicant meets these three criteria, the determination whether to permit intervention is committed to the discretion of the court. Donnelly, 159 F3d at 409. In its discretion, the court may grant an applicant permissive intervention for a limited purpose: for example, to gain access to discovery materials under seal. San Jose Mercury News, Inc v United States Dist Court – Northern Dist (San Jose), 187 F3d 1096, 1100 (9th Cir 1999). The Ninth Circuit has also approved permissive intervention under FRCP 24(b) to allow a non-party to seek the modification of a protective order, even if that protective order was the product of a settlement between the original parties. See Beckman Industries, Inc v International Ins

15

1 <u>Co</u>, 966 F2d 470, 473 (9th Cir 1992).

2 Normally, "permissive intervention to litigate a claim on
3 the merits requires * * * an independent ground for jurisdiction."
4 <u>Canatella v State of California</u>, 404 F3d 1106, 1117 (9th Cir 2005)
5 (citing <u>Beckman Indus. v Int'l Ins Co</u>, 966 F2d 470, 473 (9th Cir
6 1992).  It remains an open question, however, whether a separate
7 ground for federal jurisdiction is necessary if the permissive
8 intervenor merely seeks to join claims already before the court.
9 Schwarzer, et al, <u>California Practice Guide</u>, 7-85 at ¶ 7:268
10 (2006).

11 The Ninth Circuit has suggested that an independent
12 ground for jurisdiction is not required when a party seeks to join
13 claims already before the court and does not seek to interject new
14 claims.  <u>Blake v Pallan</u>, 554 F2d 947, 956 (9th Cir 1977).  In
15 <u>Blake</u>, a California commissioner sought intervention in a lawsuit
16 concerning federal and state securities law.  Id at 950.  The
17 commissioner's complaint in intervention did not, however, seek to
18 join plaintiffs' claims, but instead raised three new state law
19 claims.  Id at 955.  The court rejected intervention, explaining
20 that the Ninth Circuit "has consistently rejected arguments to
21 accept jurisdiction over a new party not then involved in the
22 litigation in federal court where jurisdiction over that party is
23 based solely upon a state law claim <u>over which there is no
24 independent ground of federal jurisdiction</u>."  Id (emphasis added).
25 In dicta, the court speculated that if the commissioner simply
26 adopted the plaintiff's claims, it "could be argued that
27 jurisdiction would have been based on the fact that the state law
28 claims in which the commissioner would have intervened were already

16

1  properly before the court." Id. Accordingly, although acting on
2  behalf of an existing party may not require an independent ground
3  for jurisdiction, the assertion of a new claim does.
4       Asociacion's inconsistent theories of intervention render
5  it difficult for the court to ascertain whether an independent
6  ground for jurisdiction is necessary here. On the one hand,
7  Asociacion has filed a proposed answer that seeks to defend the
8  City against the claims made by Mi Pueblo. See Doc #37
9  (intervenor's proposed answer). Under Blake, this proposed answer
10 may not require an independent ground for jurisdiction. On the
11 other hand, at oral argument, Asociacion's counsel asserted that
12 Asociacion does not seek to defend against Mi Pueblo's claims.
13 Instead, Asociacion asks for a hearing on whether a conditional use
14 permit is required for the general operation of Mi Pueblo's grocery
15 store. Yet Mi Pueblo provides no authority suggesting that an
16 independent ground of jurisdiction exists for this court to hold
17 such a hearing.
18      The next issue is whether Asociacion's claims have an
19 issue of law or fact in common with the suit between the existing
20 parties. For reasons discussed above, Asociacion's proposal to
21 have a hearing on whether Mi Pueblo requires a conditional use
22 permit to operate a grocery store shares no common issue of law or
23 fact with the claims underlying this litigation, I e, whether the
24 City violated Mi Pueblo's rights in revoking its building permits.
25      Even if Asociacion could satisfy Rule 24(b)'s
26 requirements, this court would still have discretion to deny
27 Asociacion's intervention. Donnelly, 159 F3d at 409. Because
28 Asociacion has not demonstrated — indeed, it disclaims — any

17

interest in the underlying subject matter of the litigation, this court denies permissive intervention.

### IV

The actions of the City as they appear in the record now before the court seem troubling. But the party apparently aggrieved, Mi Pueblo, has settled the matter. It is not the office of this court to permit intervention by a party that possesses no palpable interest in the dispute that is properly at bar and now appears resolved.

For the reasons stated above, Asociacion's motion to intervene (Doc #35) is DENIED.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge